## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

DONALD THOMAS (TOMMY) SHARP,

    Plaintiff,

v.                                                                                      Civ. No. 21-699 KG/GJF

CORE CIVIC,

    Defendant.

## ORDER DENYING MOTION TO DISCHARGE ALL
## FEES AND COSTS AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Motion to Discharge All Fees and Costs (Doc. 17) and the Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 9) filed by Plaintiff Donald Thomas (Tommy) Sharp.  The Court will deny the Motion to Discharge All Fees and Costs and will order Plaintiff Sharp to show cause why the case should not be dismissed for failure to comply with statutory procedural requirements and Court orders.

Plaintiff Sharp initiated this proceeding on July 27, 2021 by filing a handwritten document titled "Civil Complaint."  (Doc. 1).  Plaintiff did not pay the filing fee for this civil proceeding and did not submit an application to proceed under 28 U.S.C. § 1915.  On August 3, 2021, the Court notified Plaintiff Sharp that his Civil Complaint was not in proper form and that he had failed to pay the filing fee or submit an application to proceed *in forma pauperis*.  (Doc. 3).  The Court also ordered Sharp to cure these deficiencies within 30 days or the case could be dismissed without further notice.  (Doc. 3 at 1-2).  The Court also sent Plaintiff the forms for a prisoner civil rights complaint and an application to proceed without prepayment of fees or costs under § 1915.  (Doc. 3 at 2).

Plaintiff Sharp filed an amended Complaint for Violation of Civil Rights on August 27, 2021 (Doc. 8).  He also filed an Application to Proceed in District Court Without Prepayment of Fees or Costs (Doc. 9).  The Application to Proceed does not include the required 6-month inmate account statement.  (*See* Doc. 9 at 2).  Therefore, the Application does not comply with the requirements of 28 U.S.C. § 1915 and the Court's August 3, 2021 Order to Cure Deficiencies (Doc. 3).

Plaintiff Sharp then filed his Motion to Discharge All Fees and Costs on September 27, 2021.  (Doc. 17).  In his Motion, Plaintiff asks to be relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender.  *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996).  Plaintiff's obligation to pay the fees and costs in this proceeding is imposed by statute, not by contract.  28 U.S.C. §§ 1914, 1915.  Nor does the statute contain any gold clause.  The 1933 law does not authorize discharge of the statutory requirement to pay the fees and costs, nor does it, in any way, relieve Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action he files in this Court.[1]  The Court denies his Motion to Discharge Fees and Costs (Doc. 17).

---

[1] Plaintiff has filed multiple civil cases in this Court.  See *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace*, *Cibola County Sheriff,* CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.  Regardless of whether the cases are characterized as RICO cases or civil rights proceedings, they

The Court construes Plaintiff's Motion to Discharge All Fees and Costs as a refusal to pay the required statutory filing fee.  Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee.  Even if he is authorized to proceed under §1915, he is still required to pay the full civil filing fee in installment payments. 28 U.S.C. § 1915(b)(1).  Plaintiff has failed to either pay the filing fee or submit a complete application to proceed under § 1915 that includes his 6-month inmate account statement, and has affirmatively declined to pay the required filing fee.  Plaintiff has failed to comply with the statutory requirements to proceed in this Court and has failed to comply with the Court's August 3, 2021 Order.  Therefore, the Court will order Plaintiff to show cause within thirty (30) days of the date of entry of this Order why this proceeding should not be dismissed for failure to comply with the requirements of 28 U.S.C. §§ 1914 and 1915 and with the Court's August 3, 2021 Order to Cure Deficiency. If Plaintiff does not show cause within thirty (30) days, the Court may dismiss this case without further notice.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion to Discharge All Fees and Costs (Doc. 17) is **DENIED**; and

(2) Plaintiff, Donald Thomas (Tommy) Sharp shall show cause, within thirty (30) days of entry of this Order, why the Plaintiff's Complaint should not be dismissed for failure to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's August 3, 2021 Order to Cure Deficiencies.

---

are civil cases and Plaintiff is required to pay the filing fees and costs for any civil case he commences.  28 U.S.C. §§ 1914, 1915.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE