IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS (TOMMY) SHARP,

      Plaintiff,

vs,                                                                                            No. CV 21-00699 KG/GJF

CORE CIVIC,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten Civil Complaint and Amended Complaint for Violation of Civil Rights (Doc. 8) filed by Plaintiff Donald Thomas (Tommy) Sharp. The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Plaintiff Donald Thomas Sharp filed his Complaint on July 27, 2021. (Doc. 1). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiencies on August 3, 2021, directing Plaintiff Sharp to cure deficiencies by either paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 3). The Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 3). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 2).

1

On August 27, 2021, Plaintiff Sharp did submit the form Application to Proceed. (Doc. 9). However, the Application was incomplete because it did not include the required 6-month inmate account statement. (Doc. 9). Sharp has acknowledged the filing fee requirement but on September 27, 2021, Plaintiff Sharp filed a Motion to Discharge All Fees and Costs in this and 18 other cases, claiming that a public law and the Uniform Commercial Code permit him to discharge his obligation to pay the statutory filing fees. (Doc. 17).

On October 5, 2021, the Court denied Sharp's Motion to Discharge All Fees and Costs and Ordered Sharp to show cause, within 30 days, why the case should not be dismissed for failure to comply with Court orders, rules, and statues, and failure to prosecute. (Doc. 20). The Court notified Sharp that it construed his Motion to Discharge as a refusal to pay the required statutory fee and that, if Sharp did not show cause within 30 days, the Court could dismiss the case without further notice. (Doc. 20).

Sharp did not show cause why the case should not be dismissed but, instead, filed an Objection to the Court's October 5, 2021, Order. (Doc. 21). Ironically, having voluntarily invoked the Court's jurisdiction by filing this lawsuit, Sharp's Objection claims that the Court's October 5, 2021, Order and all other orders were entered without jurisdiction and are void. (Doc. 21 at 1). The Objection made unfounded and unsupported accusations against the Magistrate Judge, termed the statutory filing fee "illegal," and refused to pay the fee. (Doc. 20 at 3-4).

This is one of many cases filed by Plaintiff Sharp advancing a theory that local, state, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme. (Doc. 1). Sharp also claims that COVID-19 is a hoax and the Defendant is engaged in "trafficking people into taking the COVID-19 genocide vaccination." (Doc. 8). In this case, Sharp seeks $100 million in damages and that Defendant be put out of business and all of its assets seized and forfeited to

Plaintiff. (Doc. 1 at 2; Doc. 8 at 8). The Court notes that Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1] He is presently under filing restrictions imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV.

More than four months have elapsed since entry of the Court's Order to Cure Deficiency. Plaintiff has not paid the $400 filing fee or submitted a complete application to proceed under § 1915 in proper form. Instead, Plaintiff has refused to pay the filing fee in any of his civil cases, incorrectly claiming that he is entitled to have all court fees discharged. As Plaintiff has been advised, regardless of whether his Civil Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 in proper form.

Plaintiff's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce ... prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th

---

[1] See, including but not limited to, *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico,* CV 21-00700 WJ/SMV; *Sharp v. Raysanek,* CV 21-00703 JB/JFR; *Sharp v. Department of Justice,* CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court,* CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace, Cibola County Sheriff,* CV 21-00714 MV/SMV; *Sharp v. Biden,* CV 21-00719 KWR/CG, *Sharp v. El,* CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service,* CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.

Cir. 2003) (quotations omitted). Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* Accordingly, § "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added).

Plaintiff argues he is relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender. *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996). Plaintiff's obligation to pay the fees and costs in this proceeding is imposed by statute, not by contract. 28 U.S.C. §§ 1914, 1915. Nor does the statute contain any gold clause. Neither the 1933 law nor the UCC authorize discharge of the statutory requirement to pay the fees and costs, nor do they, in any way, relieve Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action he files in this Court

The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Orders of August 3, 2021 (Doc. 3) and October 5, 2021 (Doc. 20), failure to comply with federal statutes, and failure to prosecute this proceeding.

Also pending before the Court are Plaintiff Sharp's Motion to Enter Evidence (Doc. 16), Motion to Amend Civil Complaint (Doc. 22), Motion to Enter Evidence (Doc. 23), Motion for Summary Judgment (Doc. 24), Motion to Amend Complaint (Doc. 29), Motion to Amend Complaint (Doc. 35), Emergency Writ of Mandamus (Doc. 36), Motion to Amend Complaint

(Doc. 37), form Order for Summary Judgment, which the Court construes as a motion for summary judgment, (Doc. 38), and Order for Injunctive Relief, which the Court also construes as a motion (Doc. 39). The Court will deny the pending motions as moot in light of the dismissal of this case rather than addressing the motions' lack of merit.

**IT IS ORDERED**

**(1)** the Motion to Enter Evidence (Doc. 16), Motion to Amend Civil Complaint (Doc. 22), Motion to Enter Evidence (Doc. 23), Motion for Summary Judgment (Doc. 24), Motion to Amend Complaint (Doc. 29), Motion to Amend Complaint (Doc. 35), Emergency Writ of Mandamus (Doc. 36), Motion to Amend Complaint (Doc. 37), form Order for Summary Judgment, which the Court construes as a motion for summary judgment, (Doc. 38), and Order for Injunctive Relief, which the Court also construes as a motion (Doc. 39) submitted by Plaintiff Donald Sharp are **DENIED** as moot; and

**(2)** the Civil Complaint (Doc. 1) and the Amended Complaint for Violation of Civil Rights (Doc. 8) filed by Plaintiff Donald Thomas (Tommy) Sharp are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with 28 U.S.C. §§ 1914 and 1915, and failure to comply with the Court's August 3, 2021, and October 5, 2021, Orders.

_____
UNITED STATES DISTRICT JUDGE